The proceeding is one that must stand or fall by the record, and that should be certified to us by the officer who controls it. *Commonwealth v. Winthrop*, 10 Mass., 177; *Goodrich v. Commissioners etc.*, 1 Mich., 385.

Our attention is called to *Harris v. Whitney*, 6 How., Pr., 175, and *People v. Peabody*, 6 Abb. Pr., 228, as laying down a different doctrine. In the case last mentioned the proceeding was a special one before a judge whose action after he went out of office would not be of record anywhere; and the case is therefore not in point here. In the case in Howard the proceedings seem to have been had before the judges of a court that had ceased to exist, and whether the decision is right or wrong, it can have little force as authority as it professes to overrule another decision in the same court, which seems to us the more reasonable. *Peck v. Foote*, 4 How. Pr., 425.

If the ends of justice required a personal return from the late commissioner the case might be different. But here he could return nothing but the record, and that we think is to be obtained from the proper custodian.

---

PEOPLE EX REL. JULIUS W. SMITH v. IONIA CIRCUIT JUDGE.

*Commissioner's charges for taking cross-examination.*

A complainant taking testimony is not bound in the first instance to pay the expense of the cross-examination. *Sawyer v. Sawyer*, Walk Ch., 48, approved. *Per Curiam*.

MANDAMUS to order commissioner to return proofs. Motion submitted June 18. Granted June 19.

*W. O. Webster* for the motion.

*H. B. Carpenter* against.